## STATE v. BEADON.

1. *State* v. *McKettrick,* 14 *S. C.* 347, approved and followed.
2. An indictment in the Court of General Sessions for aggravated assault and battery should not simply characterize the offence as aggravated, but should state the matter which makes the aggravation.
3. The indictment charged in its first count an assault and battery with a shovel with intent to kill, and in its second count an assault and battery with a shovel, and the verdict was "guilty of an aggravated assault and battery." *Held,* that the verdict might be referred to either count, and was a conviction of an offence charged in the indictment and within the jurisdiction of the Court of General Sessions.

Before HUDSON, J., Charleston, November, 1881.

Indictment against Edward Beadon. The report of the presiding judge was as follows : This indictment shows on its face jurisdiction in the Court of General Sessions, and concludes *contra formam Statuti.* The finding of the jury may be referred to either count of the indictment; to the first count, ignoring the attempt to kill, or to the second count simply. In either view it is sustained by a good count. Hence I declined the motion in arrest of judgment.

Mr. *S. J. Lee,* for appellant.

Mr. *Solicitor Jervey,* contra.

April 7, 1882. The opinion of the court was delivered by

Mr. JUSTICE McGOWAN. This was a prosecution for assault and battery. The indictment contained two counts. The first charged that the defendant committed an assault and battery upon one Cæsar Dunning "with a deadly weapon ,viz., a shovel, with intent to kill." The second simply charged an assault and battery with a shovel, in the usual form, without the intent to kill. The jury found the defendant "guilty of an aggravated assault and battery," who moved in arrest of judgment, and, that being overruled, appeals to this court upon the following exceptions:

I. "*Because* his Honor erred in refusing to arrest the judgment on the ground that the indictment is fatally defective in that it does not charge the accused with committing an assault and battery of an aggravated nature.

II. "*Because* his Honor erred in refusing to arrest the judgment on the ground that the verdict of the jury finds the defendant 'guilty of an aggravated assault and battery,' of which offence the Court of General Sessions had no jurisdiction as appears on the face of the indictment."

We do not understand the point of the second exception, as the jury had the right to find the defendant guilty of "an aggravated assault and battery," unless it may be upon the view that the indictment did not sufficiently charge an offence of that character and therefore there was nothing to support the verdict. Assuming that to be the point made, the only question in the case is, whether the indictment contained the charge of an assault and battery of a high and aggravated nature.

Under our constitution and laws the offence of assault and battery is divided into two classes : Those which are not of a high and aggravated nature, of which trial justices have exclusive jurisdiction; and those which are of a high and aggravated nature, of which the Courts of General Sessions have exclusive jurisdiction. *State* v. *McKettrick*, 14 *S. C.* 347. The line of demarcation between the two classes has not been very clearly defined. Petty is distinguished from grand larceny by a fact easily ascertained—the value of the property stolen; but whether an assault and battery is of a high and aggravated nature does not depend upon any particular fact, but upon the character of the act itself, which must always, to a large extent, be matter of opinion and judgment. The combinations of circumstances which may enter into the offence are infinitely various, and therefore it is hard to establish a fixed rule upon the subject. The question is ever recurring as to the facts of different cases as they arise, and all that can be done is to indicate the general outline, which must be observed. Besides the uncertainty which arises from its resting in opinion, there is an additional source of confusion in the absence of provision as to whose judgment shall determine the matter. It is, however, neces-

sary that the distinction should be maintained, as upon it depends the jurisdiction of the Court of General Sessions in regard to the offence of assault and battery, and we must draw the line as well as the nature of the subject will admit.

In the leading case upon the subject, that of *McKettrick,* cited above, the difficulties were foreseen, and the chief justice, whilst announcing the law, endeavored to give certainty to the practice by indicating some general rules upon the subject. It is decided in that case that the character of the charge is not to be determined conclusively by the trial justice, and it follows that the fact of the case being sent up to the Court of Sessions is not conclusive of the question. It was also determined that the indictment should contain *something more* than was necessary in the ordinary form of charging the offence, " that it should show on its face that the assault and battery charged is of a high and aggravated nature—serious bodily harm, intent to kill, intent to commit a felony, the use of a stick or deadly weapon, or something showing aggravation should appear."

In the case before us the indictment did not charge, in the language of the law, that the assault and battery committed was " of a high and aggravated nature." That was not necessary. The matter to be set out is the fact or facts which make it an assault of a high and aggravated nature, not the mere statement in words *characterizing it as such.* This indictment did charge in the first count that the assault and battery was committed " with a deadly weapon, viz., a shovel, with intent to kill," and in the second without the intent to kill. We do not think the judge committed error in ruling that " the verdict may be referred to either count: to the first count charging the attempt to kill, or to the second count simply. In either view it is sustained by a good count."

The judgment of this court is that the judgment of the Circuit Court be affirmed.